KAMALA D. HARRIS
Attorney General of California
DANE R. GILLETTE
Chief Assistant Attorney General
PAMELA C. HAMANAKA
Senior Assistant Attorney General
MICHAEL R. JOHNSEN
Deputy Attorney General
THOMAS C. HSIEH
Deputy Attorney General
State Bar No. 190896
 300 South Spring Street, Suite 1702
 Los Angeles, CA  90013
 Telephone:  (213) 576-1335
 Fax:  (213) 897-6496
 E-mail:  DocketingLAAWT@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VICTOR PLATAS,** | CV 04-3383-CBM(CW) |
| Petitioner, | **RESPONDENT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| v. | |
| **A.K. SCRIBNER (Warden),** | |
| Respondent. | |
| | HON. CARLA M. WOEHRLE U.S. MAGISTRATE JUDGE |

## RESPONDENT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW

On August 12, 2008, this Court conducted a status conference regarding the necessity of an evidentiary hearing and ruled that such a hearing was necessary to resolve factual issues on Grounds One and Two of the Petition, specifically, Petitioner's claims that his confession was coerced and a related claim of ineffective assistance of trial counsel.

Pursuant to this Court's November 3, 2009 Order Re: Status Conference and Litigation Schedule and Local Rule 16-4, Respondent submits this Memorandum of Contentions of Fact and Law.

### A. Summary of Petitioner's Claims

Ground One: Petitioner's confession was coerced in violation of the Fifth and Sixth Amendments. Specifically, Culver City Police Detectives Allen Azran and Michael Conzachi obtained Petitioner's confession by using threats (to charge Petitioner with the "entire robbery and murder" and to put Petitioner in jail after telling other inmates that Petitioner was a child molester) and promises (that they would not "tag" Petitioner as a child molester and would drop murder charges against him). (Pet. at 5 [Ground One]; Memo. of Points and Authorities in Support of Pet. at 10-11.)

Ground Two: Petitioner's trial counsel, Los Angeles County Deputy Public Defender Irene Nunez, failed to listen to or believe Petitioner's assertion that his confession was coerced, and failed to investigate that assertion or challenge the admission of the confession at trial. (Pet. at 5 [Ground Two]; Memo. at 12-15.)

### B. Standard of Review Applicable to Both Claims

As set forth more fully in Respondent's Motion to Reconsider and Vacate the Evidentiary Hearing, where a habeas claim has previously been rejected on the merits by a state court, relitigation of that claim in federal court is barred unless the petitioner can show that the state court adjudication was either (1) "'contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,'" or (2) "'based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding.'" *Harrington v. Richter*, 562 U.S. __, 131 S. Ct. 770, 784 (2011) (quoting 28 U.S.C. § 2254(d)).  Only if the petitioner can pass through this "threshold restriction," *Renico v. Lett*, 559 U.S. ___, 130 S. Ct. 1855, 1862 n.1, 176 L. Ed. 2d 678(2010), may federal litigation of the claim proceed.  *See, e.g.*, *Howard v. Clark*, 608 F.3d 563, 568 (9th Cir. 2010).

In deciding the threshold question under 28 U.S.C. § 2254(d), a federal court's review is strictly "limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. ___, 131 S.Ct. 1388, 1398 (2011).  This Court has not yet found that Petitioner has satisfied his high burden of showing the California courts' rejection of his coerced confession and related ineffective assistance of counsel claims was unreasonable under 28 U.S.C. § 2254(d)(1).  Thus, an evidentiary hearing at this time is barred in this case under *Pinholster*.  Should the requirements in *Pinholster* be met, it appears the appropriate standard of review in assessing Petitioner's claim is a de novo standard.

### C. Elements Required to Establish Petitioner's Coerced Confession Claim

A court examines the totality of the circumstances of the giving of a confession, statement, or admission to determine whether it is voluntary, including the "characteristics of the accused and the details of the interrogation." *United States v. Dickerson*, 530 U.S. 428, 433-34, 120 S. Ct. 2326, 147 L. Ed. 2d 405 (2000); *Schneckloth v. Bustamonte*, 412 U.S. 218, 226, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973).  Among the factors a court may consider are: (1) police coercion, if any; (2) the length and location of the interrogation; (3) the defendant's maturity, education, physical condition, and mental health; and (4) whether the suspect was advised of his *Miranda* (*Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L.

Ed. 2d 694 (1966)) rights. *Withrow v. Williams*, 507 U.S. 680, 693-94, 113 S. Ct. 1745, 123 L. Ed. 2d 407 (1993). The key element in assessing whether Petitioner's confession in this case was voluntary is whether there was actual police coercion. *Withrow v. Williams*, 507 U.S. 680, 693-94, 113 S. Ct. 1745, 123 L. Ed. 2d 407 (1993) (acknowledging defendant's mental health as one of circumstances that may be considered in an analysis of whether a confession is voluntary, but stating the "crucial element" is police coercion); *Colorado v. Connelly*, 479 U.S. 157, 167, 107 S. Ct. 515, 93 L. Ed. 2d 473 (1986) (holding that "coercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment.").

Even assuming, arguendo, Petitioner establishes that his confession was coerced, habeas relief is unwarranted unless he demonstrates prejudice. *See Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993); *Taylor v. Maddox*, 366 F.3d 992, 1016 (9th Cir. 2004) (erroneous admission of a confession subject to *Brecht* test).

### D. Description of Key Evidence in Opposition to Petitioner's Coerced Confession Claim

In separate interviews with Respondent, the three Culver City Police Officers who interviewed Petitioner on the day of his arrest and confession (Detectives Allen Azran and Michael Conzachi, and Lieutenant Christopher Gutierrez)[1] each denied that he threatened Petitioner or made him promises in order to obtain his confession. Each witness also testified, under oath during depositions, that he did not threaten Petitioner or make him promises. In particular, Detective Conzachi testified that Petitioner voluntarily gave information regarding the robbery and murder because Petitioner knew the police had his fingerprints, and Petitioner

---

[1] Conzachi no longer works for the Culver City Police Department. Azran is currently a lieutenant, and Gutierrez is currently a captain.

wanted to be sure that the blame for the shooting was placed on co-defendant Jose Lopez.

Respondent anticipates that resolution of this claim will most likely require a determination of whether Petitioner or the officers are credible.

Evidence already presented to this Court, such as the fact that Petitioner alleged that he was never advised of his *Miranda* rights but the transcript of his recorded interview shows he was advised of those rights, is relevant to show Petitioner lacks credibility.

Respondent also expects to present evidence that Petitioner admitted to his trial counsel, Los Angeles County Deputy Public Defender Irene Nunez, that he lied to her. That evidence is described more fully below. That evidence also shows Petitioner lacks credibility.

Based on evidence anticipated to be introduced at the evidentiary hearing (primarily the testimony of the three officers) and evidence already admitted and considered by this Court, Petitioner cannot meet his burden of demonstrating that his confession was coerced by threats and promises by the police.

Further, as to harmless error, even if Petitioner's confession was coerced, there was overwhelming evidence of his guilt, including that he left his fingerprints at the crime scene.

**E. Elements Required To Establish Petitioner's Claims for a Violation of His Sixth Amendment Right to the Effective Assistance of Counsel**

Under *Strickland v. Washington*, 466 U.S. 668, 687-89, 694, 104 S. Ct. 1052, 80 L. Ed. 2d 674 (1984) a Petitioner must demonstrate that:

(1) counsel's conduct fell below an standard of objective reasonableness; and

(2) as to any errors of counsel, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

1  Petitioner must satisfy *both* prongs of the *Strickland* test. *Strickland*, 466 U.S. at 687, 697; *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002). Petitioner must also overcome the "strong presumption" that counsel's conduct falls within the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *see Delgado v. Lewis*, 223 F.3d at 981 (*Strickland* standard is "very forgiving").

**F.  Description of Key Evidence in Opposition to Petitioner's *Strickland* Claim**

Deputy Public Defender Nunez has provided a letter with written responses regarding the instant claim. In those written responses, Deputy Public Defender Nunez stated that: (1) Petitioner never told her that the detectives threatened that they would put him in jail and tell other inmates that he was a child molester, snitch or rapist; (2) Petitioner never asked her to make a motion to suppress his confession, and never told her that his confession was coerced; and (3) during her first interview with Petitioner, he told her a story that an unknown older man, possibly a member of the Mexican Mafia, had forced him to commit the crime, but Petitioner later admitted to her that story was a lie. Nunez has affirmed those responses in a declaration, under penalty of perjury.

Documents from Deputy Public Defender Nunez's trial file support her assertions.

Based on Deputy Public Defender Nunez's written responses, affirmed under penalty of perjury, and documents from her trial file, counsel's performance was not deficient. Respondent anticipates this claim may also involve a credibility contest between Deputy Public Defender Nunez and Petitioner, and evidence that Petitioner lied to counsel regarding the "Mexican Mafia" story is relevant to that assessment.

As to prejudice, evidence already presented to this Court (specifically, evidence that Petitioner's fingerprints were at the crime scene) and anticipated evidence from the three police officers that they did not threaten Petitioner or make

5

him promises in order to obtain his confession show that even had counsel made a motion to suppress the confession because it was coerced, the result of Petitioner's trial would have been the same because that motion had no merit and there was still overwhelming evidence of his guilt absent the confession.

### G. Identification of Anticipated Evidentiary Issues

Respondent has previously filed a motion to exclude Dr. Deborah Budding's Report regarding her assessment of Petitioner's cognitive functioning. Respondent continues to assert her report and anticipated testimony are irrelevant and should be excluded.

Dated:  April 20, 2011

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
DANE R. GILLETTE
Chief Assistant Attorney General
PAMELA C. HAMANAKA
Senior Assistant Attorney General
MICHAEL R. JOHNSEN
Deputy Attorney General


/s/ Thomas C. Hsieh


THOMAS C. HSIEH
Deputy Attorney General
*Attorneys for Respondent*

TCH:rj
LA2004FH0287
50890159.doc

## CERTIFICATE OF SERVICE

Case Name: **VICTOR PLATAS, AKA VICTOR MORENO v. A. K. SCRIBNER (WARDEN)**  No. CV 04-3383-CBM (CW)

I hereby certify that on **April 20, 2011**, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

(1) NOTICE OF MOTION AND MOTION TO RECONSIDER AND VACATE ORDER SETTING EVIDENTIARY HEARING; MEMORANDUM OF POINTS AND AUTHORITIES

(2) NOTICE OF MOTION AND *EX PARTE* MOTION TO SHORTEN TIME FOR HEARING AND RULING ON RESPONDENT'S MOTION TO RECONSIDER AND VACATE; DECLARATION OF THOMAS C. HSIEH; PROPOSED ORDER

(3) RESPONDENT'S WITNESS LIST

(4) RESPONDENT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW;

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 20, 2011**, at Los Angeles, California.

Ronda Jones  
Declarant

*Ronda Jones*  
Signature

TCH:rj – LA2004FH0287 - 50890212.doc